# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-775V
UNPUBLISHED

|  |  |
|---|---|
| KELLY STEELE,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 27, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, *for Petitioner*.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, *for Respondent*.

### DECISION AWARDING DAMAGES[1]

On June 25, 2020, Kelly Steele ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza ("flu") vaccine administered on October 2, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 29, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On May 19, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,500.00 for pain and suffering and $503.41 to satisfy a lien from Hopkins Health Care, LLC – Priority Partners. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

**A. A lump sum payment of $47,500.00 (for pain and suffering) in the form of a check payable to Petitioner; and**

**B. A lump sum payment of $503.41, representing compensation for satisfaction of the Medicaid lien, in the form of a check payable jointly to petitioner and:**

**Law Offices of Eugene Seidel, Trustee for Priority Partners
107 Sudbrook Lane
Baltimore, MD 21208**

Petitioner agrees to endorse the check to "Law Offices of Eugene Seidel, Trustee for Priority Partners" for satisfaction of the Medicaid lien.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * * * *
**KELLY STEELE**,                          *
                                           *
      Petitioner,                *
                                           *
v.                                         *   No. 20-775V
                                           *   CHIEF SPECIAL MASTER
                                           *   BRIAN H. CORCORAN
**SECRETARY OF HEALTH**                    *   (ECF)
**AND HUMAN SERVICES**,                    *
                                           *
      Respondent.                *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 26, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On October 29, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") and related sequela.

**I.  Amount of Compensation**

    A.  <u>Pain and Suffering</u>

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$47,500.00,** for pain and suffering, in the form of a check payable to petitioner.  Petitioner agrees.

    B.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the lien from Hopkins Health Care, LLC – Priority Partners in the amount of **$503.41**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of

Maryland may have against any individual as a result of any Medicaid payments that the State of Maryland or Priority Partners has made to or on behalf of Kelly Steele from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 2, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [1]

> A. A lump sum of **$47,500.00,** in the form of a check payable to petitioner; and
>
> B. A lump sum payment of **$503.41**, representing compensation for satisfaction of the Medicaid lien, in the form of a check payable jointly to petitioner and:

> > Law Offices of Eugene Seidel, Trustee for Priority Partners
> > 107 Sudbrook Lane
> > Baltimore, MD 21208

Petitioner agrees to endorse the check to "Law Offices of Eugene Seidel, Trustee for Priority Partners" for satisfaction of the Medicaid lien.

These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                LARA A. ENGLUND
                Assistant Director
                Torts Branch, Civil Division

                /s/ Kyle E. Pozza_____
                KYLE E. POZZA
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146 Benjamin Franklin Station
                Washington D.C. 20044-0146
                Tel: (202) 616-3661
                E-mail: Kyle.Pozza@usdoj.gov

Dated: May 19, 2022